IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKARIA AL-BAIDANY and<br>ABDEL AZIZ AL-SWIDI<br><br>*Petitioners,*<br><br>*v.*<br><br>GEORGE W. BUSH, *et al.,*<br><br>*Respondents.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2380 (CKK)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR ENTRY OF PROTECTIVE ORDERS AND FOR IMMEDIATE AWARD
OF A WRIT OF HABEAS CORPUS OR ISSUANCE OF AN ORDER TO SHOW CAUSE**

Petitioner Zakaria Al-Baidany ("Mr. Al-Baidany"), together with his next friend,

Petitioner Abdel Aziz Al-Swidi ("Mr. Al-Swidi"), by and through undersigned counsel, move

for entry of the protective orders that have been entered in other Guantanamo detainee habeas

proceedings[1] and also request that this Court, pursuant to 28 U.S.C. § 2243, immediately award a

Writ of Habeas Corpus or issue an order directing Respondents George W. Bush, Donald H.

Rumsfeld, Jay Hood, and Mike Bumgarner (collectively "Respondents") to show cause why a

Writ of Habeas Corpus should not be granted, either of which should be ordered returnable by

Respondents within thirty days.

---

[1] The protective orders are the Amended Protective Order and Procedures for Counsel Access to Detainees at the
United States Naval Base in Guantanamo Bay, Cuba, first entered by Judge Joyce Hens Green of this Court in *In re
Guantanamo Detainee Cases*, No. 02-CV-0299 (JHG), on November 8, 2004, the Order Supplementing and
Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first entered in *In re
Guantanamo Detainee Cases* on December 13, 2004, and the Order Addressing Designation Procedures for
"Protected Information" first entered in *In re Guantanamo Detainee Cases* on November 10, 2004. Copies of the
protective orders are attached as Exhibits "A" through "C."

## INTRODUCTION

Mr. Al-Baidany is a citizen of the Republic of Yemen currently being detained as an

"enemy combatant" at the United States Naval Base located at Guantanamo Bay, Cuba

("Guantanamo Bay Naval Base" or GTMO) since perhaps as long ago as 2002.  On December

12, 2005, undersigned counsel filed a Petition for Writ of Habeas Corpus (the "Petition") on

behalf of Mr. Al-Baidany.  The Petition contests both the legal and factual bases of Mr. Al-

Baidany's detention, seeks an immediate end to any inhumane treatment that he has suffered, and

continues to suffer, in violation of domestic and international law, and identifies circumstances

creating an imminent and foreseeable risk of his transfer from GTMO to another country, where

he may be detained indefinitely and/or subjected to torture.  The Petition seeks among other

things:

- A Writ of Habeas Corpus compelling Respondents to bring Mr. Al-Baidany before the court to conduct proceedings to vindicate Mr. Al-Baidany's legal rights;

- A declaratory judgment holding that Mr. Al-Baidany is not, nor has he ever been, an individual subject to Respondent Bush's Military Order of November 13, 2001, or an enemy alien, lawful or unlawful belligerent, or combatant of any kind under any definition adopted by the United States Government ("the Government"), including but not limited to the definition of "enemy combatant" set forth in the Deputy Secretary of Defense's Order Establishing Combat Status Review Tribunal ("CSRT") of July 7, 2004;

- An injunction permitting counsel to meet with Mr. Al-Baidany and Mr. Al-Swidi, directing that any interrogations and inhumane treatment of Mr. Al-Baidany shall cease, and preventing the transfer of Mr. Al-Baidany to another country without thirty-days advance notice;

- A declaratory judgment holding that the detention of Mr. Al-Baidany is in violation of domestic and international law; and

- An order releasing Mr. Al-Baidany from Respondents' custody.

The Petition was served on each Respondent, the Attorney General, and the United States Attorney for the District of Columbia via certified mail, return receipt requested, on December 12, 2005, and again on December 28, 2005, after undersigned counsel had received a file-stamped copy of the Petition and the civil action number assigned by the Clerk of Court.

## ARGUMENT

Petitioners are entitled, without delay, to either a Writ of Habeas Corpus or an order to show cause why the Writ should not be issued. Section 2243 to Title 28 of the United States Code provides that:

> [A] court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto.

(Emphasis added.) Section 2243 is designed to ensure the expeditious consideration and resolution of habeas petitions. As the Supreme Court has held, "the office of the writ is 'to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints.'" *Harris v. Nelson*, 394 U.S. 286, 291 (1969); *see also Johnson v. Avery*, 393 U.S. 483, 485 (1969) ("Since the basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed.").

The facts underlying this litigation make clear that time is of the essence for this Court either to award the Writ or issue an order to show case. Mr. Al-Baidany's Petition contests the legal and factual bases of his detention, seeks an immediate end to any inhumane treatment that Mr. Al-Baidany has suffered, and continues to suffer, in violation of domestic and international

3

law, and identifies circumstances creating an imminent and foreseeable risk of Mr. Al-Baidany's

transfer from GTMO to another country, where Mr. Al-Baidany may be detained indefinitely

and/or subjected to torture. The Petition has been served on Respondents, the Attorney General,

and the United States Attorney for the District of Columbia, thus providing Respondents with

notice of the Petition and its charges. Accordingly, this Court should forthwith award the Writ or

issue an order to show cause in this case.

Section 2243 further provides that, once awarded or issued, the Writ or order to show

cause "shall be returned within three days unless for good cause additional time, not exceeding

twenty days, is allowed" and that "[t]he person to whom the writ or order is directed shall make a

return certifying the true cause of the detention." 28 U.S.C. § 2243. The purpose of this

provision is to make the alleged factual bases for the detention known, thereby permitting the

adjudication of the challenge to the detention without delay. *See Walker v. Johnston*, 312 U.S.

275, 283 (1941) (explaining purpose of show cause order); *see also Smith v. Anderson*, 317 F.2d

172, 172 (D.C. Cir. 1963) (Burger, C.J.) (reversing denial of petitions without first calling for

returns).

Respondents should be required to file timely a return. In this regard, this filing should

not be delayed pending a decision by the United States Court of Appeals for the District of

Columbia Circuit in *In re Guantanamo Detainee Cases* and *Khalid v. Bush*.[2] As Judge Ricardo

M. Urbina of this Court held in another case involving the habeas petitions of detainees in

Guantanamo:

---

[2] *In re Guantanamo Detainee Cases* held that the habeas petitions of several other Guantanamo detainees included legally cognizable claims. *See In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). *Khalid* reached a contrary conclusion, dismissing all claims of several Guantanamo detainees for failure to state claims for which relief could be granted. *See Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005).

> The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients.

*Al-Oshan v. Bush*, No. 05-0520 (RMU), 2005 U.S. Dist. LEXIS 6631, at *3 (D.D.C. Apr. 7, 2005); *see also Ahmed v. Bush*, No. 05-665 (RWR), 2005 U.S. Dist. LEXIS 14024, at *5-*6 (D.D.C. July 8, 2005) (granting stay pending resolution of appeals in *In re Guantanamo Detainee Cases* and *Khalid*, but ordering Respondents to file return within thirty days).

Nor can Respondents complain that the filing of a return imposes an administrative burden. Respondents' return in GTMO detainee habeas corpus cases typically consists of the record of Combatant Status Review Tribunal ("CSRT") proceedings concerning the detainee's status as an "enemy combatant." As such, the return is nothing more than disclosure of materials already prepared in another proceeding.[3] Accordingly, this Court can be "confident that the government can handle th[e] task" of filing a timely return. *See Al-Oshan*, 2005 U.S. Dist. LEXIS 6631, at *3 (internal quotations deleted).

Finally, any concern of Respondents that the filing of a return may result in the inadvertent disclosure of classified information is unfounded because Mr. Al-Baidany consents to and moves herein for entry of protective orders patterned after the orders issued in *In re Guantanamo Detainee Cases*.[4] This Court regularly has entered these protective orders, typically with the consent of all parties, in other GTMO detainee habeas proceedings. *See, e.g.,*

---

[3] In making this point, Messrs. Al-Baidany and Al-Swidi do not waive any of their challenges to the CSRT and its procedures made in their habeas petition.

[4] Undersigned counsel's request that the protective orders be entered here does not waive the rights of Messrs. Al-Baidany and Al-Swidi to challenge those orders in other proceedings as appropriate.

*Ghanem v. Bush*, No. 05-CV-01638 (CKK) (D.D.C. Oct. 1, 2005) (applying protective order entered in *In re Guantanamo Detainee Cases* to this case).

In sum, there is no reason in this case to delay either awarding a Writ of Habeas Corpus or issuing an order to show cause, and directing Respondents to file a timely return.

## CONCLUSION

For the above-stated reasons, Petitioner Zakaria Al-Baidany, together with his next friend, Petitioner Abdel Aziz Al-Swidi, respectfully requests that this Court deem the protective orders entered in *In re Guantanamo Detainee Cases* applicable to this case, and immediately award a Writ of Habeas Corpus or issue an order to show cause, either of which should be ordered returnable by Respondents within thirty days.

Dated:  January 6, 2006

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Benjamin R. Jacewicz (DCBN 466743)
Washington Harbour
3050 K Street, N.W., Suite 200
Washington, D.C. 20007
(202) 339-8400
(202) 339-8500 (fax)

Counsel for Petitioner