# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
ZAKARIA AL-BAIDANY and                    )
ABDEL AZIZ AL-SWIDI                        )
                                          )
Petitioners,                              )
                                          )
v.                                        )       Civil Action No. 05-2380 (CKK)
                                          )
GEORGE W. BUSH, et al.,                   )
                                          )
Respondents.                              )
                                          )
```

## DECLARATION OF PANAYIOTA G. SOURAS, ESQUIRE

I, Panayiota G. Souras, declare under penalty of perjury:

      1.     I am a member in good standing of the Bar of the District of Columbia, the New York State Bar, and the Bar of the United States District Court for the District of Maryland. On December 20, 2005, I submitted an application for admission to the Bar of this Court.

      2.     I am an associate with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel of record without compensation for Petitioners in this case. My business address is Washington Harbour, 3050 K Street, N.W., Washington, D.C. 20007.

      3.     I am coordinating Orrick's efforts to obtain information regarding Petitioner Zakaria Al-Baidany and Petitioner Abdel Aziz Al-Swidi, as his next friend. I have personal knowledge of the facts stated herein, except where stated otherwise.

      4.     On December 12, 2005, a Petition for Writ of Habeas Corpus ("Petition") was filed on behalf of Petitioners in this Court. Prior to the filing of this Petition, Orrick was provided with a copy of a letter written by Mr. Al-Swidi on behalf of Mr. Al-Baidany that authorizes and requests attorneys to make arrangements to meet with Mr. Al-Baidany. Mr. Al-Swidi gave this letter to his counsel from the law firm of Allen & Overy LLP ("Allen & Overy").

A true and correct copy of Mr. Al-Swidi's letter, in the original Arabic and with an English translation, was attached to the Petition, and is attached hereto as Exhibit "A."

5.    To date, nobody from Orrick has been able to meet or communicate with Mr. Al-Baidany or Mr. Al-Swidi, or to receive any information from the U.S. Government regarding Mr. Al-Baidany, due to restrictions that Respondents have placed on access to Messrs. Al-Baidany and Al-Swidi.

6.    I understand that nobody from Orrick will be able to meet or communicate with Mr. Al-Baidany or Mr. Al-Swidi, or to receive any information from the U.S. Government regarding Mr. Al-Baidany, until this Court has deemed the Protective Orders entered in *In re Guantanamo Bay Detainee Cases* applicable to this case, and the necessary security clearances have been obtained. Accordingly, a motion for entry of the Protective Orders in this case was filed on January 6, 2006, and two other Orrick attorneys and I submitted applications for security clearances to the U.S. Department of Justice on January 13, 2006.

7.    I have communicated several times with counsel from Allen & Overy to determine if they have any additional information regarding Mr. Al-Baidany. Counsel from Allen & Overy have informed me that their notes report a Yemeni detainee with the first name "Zakariya" in need of counsel. Counsel from Allen & Overy does not know if this detainee is in fact Mr. Al-Baidany. Counsel from Allen & Overy have informed me that at this time they have no further information regarding to Mr. Al-Baidany.

8.    Counsel from Allen & Overy are scheduled to be at the United States Naval Base, Guantanamo Bay, Cuba ("GTMO") from January 23 to 27, 2006 to meet with their clients, including Mr. Al-Swidi. I have asked counsel from Allen & Overy to request information from Mr. Al-Swidi regarding Mr. Al-Baidany and the letter he wrote on Mr. Al-Baidany's behalf, attached hereto as Exhibit "A." Counsel from Allen & Overy have agreed to make this request.

9.    I understand that any information counsel from Allen & Overy may obtain from Mr. Al-Swidi during their trip to GTMO will be unavailable for Orrick to review until the

2

U.S. Government has cleared such information for public release. I have been informed that such clearance could take approximately one month.

10.     I have communicated several times with the Center for Constitutional Rights ("CCR"), which is coordinating GTMO habeas litigation in this Court, in an attempt to obtain information regarding Mr. Al-Baidany. To date, CCR has been unable to provide any information regarding Mr. Al-Baidany.

11.     I also have communicated several times with the National Organization for Defending Rights and Freedoms ("HOOD"), a nongovernmental humanitarian relief organization in Yemen, in an attempt to obtain family-contact and other information regarding Mr. Al-Baidany. To date, HOOD has been unable to provide any information regarding Mr. Al-Baidany.

12.     I have spoken with other contacts in Yemen, including Dr. Robert Burrowes, a faculty member with the Henry M. Jackson School of International Studies at the University of Washington, who is an authority on Yemen, in an attempt to obtain suggestions on how to acquire information regarding Mr. Al-Baidany. Dr. Burrowes has indicated to me that Mr. Al-Baidany's last name could be translated into different English spellings and that it could be difficult to locate Mr. Al-Baidany's family in Yemen.

13.     I have reviewed numerous documents purporting to identify individuals detained at GTMO by name and country for any reference to "Al-Baidany" or similarly spelled names. To date, I have found no such references in any of these documents.

14.     I have asked all other counsel known to CCR who are representing Yemeni detainees at GTMO if they have any information regarding Mr. Al-Baidany. To date, none of these counsel has provided me with any information regarding Mr. Al-Baidany.

15.     I am traveling to Yemen on January 24, 2006. One of the central purposes of this trip, which will last a week, is to try to obtain information regarding Mr. Al-Baidany. In this regard, I plan to meet with representatives of CCR, HOOD, and others to discuss further efforts to locate Mr. Al-Baidany's family.

3

16.     Upon entry of the Protective Orders and granting of security clearances, counsel from Orrick intend to travel as soon as possible to GTMO to meet with Messrs. Al-Baidany and Al-Swidi about this case. Until that time, Orrick will continue aggressively to seek information regarding Mr. Al-Baidany.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2006

Panayiota G. Souras

4

# Exhibit A

SEP-20-2003  01:57

P.02/08

السلام على من اتبع الهدى

المادة المحترمون في شركة ألن اوفري

هذا تكملة لآخر الاجوبة الاجوبة التي قابلوه و تأجيلها لموعد الزيارة

اذا عندهم مانع و الاجوبة رسلوها لي وبتلغوني بالموافقه اولا

واذا وصلت الرسالة وبتغوني حتى البلغة واذا لم تستطيعو البلغوني

الاسم : زكريا الصباحي

الرقم ( 1017 ) ( ١٠١٧ )

الجنسية : يمني

واذا احتجتم اي شي زيادة ارسلوها       وشكرا

ايضا اذا قابلتوه اخبروه انه عن طريقي (عبد العزيز الصعادي ) او( محمود الزائلي )

ملاحظة : الاجوبة رسلوها ظروف للرسائل

واب النيار

وشكرا

05 2380

**FOUO     FILED**

DEC 1 2 2005

NANCY MAYER WHITTINGTON, CLERK

This is an authorization to somebody I know. I'd like you to meet him and appoint him a date to visit me if that is possible for you. Upon receiving this letter, I'd like you to inform me about your consent about such a request first and foremost in order for me to inform him. And if you couldn't do that, you are kindly asked to let me know.

Name: Zakaria Al-Baidany
Number: (1017)
Nationality: Yemeni

And if you need any extra thing, you are kindly asked to inform me.

Thank you.

Missed line

N.B. I'd like some envelopes and any recent news.
Thank you.

Your efforts are highly considered.

FOUO