IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKARIA AL-BAIDANY and ABDEL AZIZ AL-SWIDI<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Civil Action No. 05-2380 (CKK) |

## NOTICE OF SUPPLEMENTAL AUTHORITY AND RECENTLY OBTAINED INFORMATION

Petitioners Zakaria Al-Baidany[1] and his next friend Abdel Aziz Al-Swidi (together "Petitioners") file this Notice of Supplemental Authority and Recently Obtained Information in further support of their January 6, 2006 Motion for Entry of Protective Orders and for Immediate Award of a Writ of Habeas Corpus or Issuance of an Order to Show Cause.

Petitioners' habeas petition was filed on December 12, 2005. In the nearly six intervening months, undersigned counsel have been prohibited from meeting with or engaging in any attorney-client communications with Mr. Al-Baidany because the Protective Order has not been entered. Respondents opposed entry of the Protective Order on the following grounds: (1) enactment of the Detainee Treatment Act (the "DTA") strips this Court of jurisdiction and a stay of all proceedings, including entry of the Protective Order, is appropriate pending resolution of the DTA's effect; and (2) the "next friend" basis for this petition is improper. Recent

---

[1] Petitioners' counsel recently learned that Mr. Al-Baidany's proper name may be Omar Mohammed Ali Al Rammah. This information is supported by the Department of Defense's recently released "List of detainees who went through complete CSRT process," p.10 (attached as Ex. A). For consistency however, counsel will continue to refer to petitioner as Zakaria Al-Baidany until we have been permitted to meet with Mr. Al-Baidany and are able to resolve this issue.

supplemental authority and recently obtained information squarely refute Respondents' arguments. First, the Protective Order has been entered in at least 16 cases *after* the enactment of the DTA. Second, Respondents' challenge to the petition's next friend standing has become untimely as a result of recent case law and moot due to a signed authorization of representation by Mr. Al-Baidany's uncle obtained by Petitioners' counsel.[2] Accordingly, Petitioners submit this supplemental authority and recently obtained information and respectfully renew their request for entry of the Protective Order in this proceeding.

## I.    Recent Legal Authority Establishes That The DTA Does Not Preclude Entry Of The Protective Order

Petitioners moved for entry of the Protective Order entered in over 185 other habeas proceedings filed by Guantanamo detainees. Respondents opposed entry of the Protective Order based on the DTA, however this argument is baseless, as evidenced by entry of the Protective Order in at least 16 cases *after* the DTA was enacted and *after* Petitioners moved for entry of the Protective Order. *See Al Salami v. Bush*, 05-CV-2452 (D.D.C. Apr. 14, 2006) (PLF) (noting that "[c]entral to the Protective Orders are their provisions for access to counsel. *Detainees' right to meet with counsel under the Protective Order is independent of the (still unresolved) question of the Court's jurisdiction to rule on their habeas petitions.*") (emphasis added); *Al-Ghizzawi v. Bush*, 05-CV-2378 (D.D.C. June 2, 2006) (JDB); *Faizullah v. Bush*, 05-CV-01489 (D.D.C. Apr. 21, 2006) (Urbina); *Sohail v. Bush*, 05-CV-00993 (D.D.C. Apr. 21, 2006) (Urbina); *Zadran v Bush*, 05-CV-2367 (D.D.C. Apr. 12, 2006) (RWR); *Alsaaei v. Bush*, 05-CV-2369 (D.D.C. Apr. 12, 2006) (RWR); *Said v. Bush*, 05-CV-2384 (D.D.C. Apr. 12, 2006) (RWR); *Al Shareef v. Bush*, 05-2458 (D.D.C. Apr. 12, 2006) (RWR); *Awad v. Bush*, 05-CV-2379, (D.D.C. Apr. 11, 2006) (JR); *Thabid v. Bush*, No. 05-CV-2398 (ESH) (D.D.C. Mar. 21, 2006); *Razakah v. Bush*,

---

[2] *See* Authorization, dated May 5, 2006 (attached as Exhibit B).

US_WEST:260032252. 2

No. 05-CV-2370 (EGS) (D.D.C. Mar. 17, 2006); *Ahmed v. Bush*, 05-CV-1234, (D.D.C. Mar. 2, 2006) (EGS); *Wahab v. Bush*, 05-CV-886 (D.D.C. Jan. 10. 2006) (EGS); *Mohammad v. Bush*, 05-CV-879 (D.D.C. Jan. 9, 2006) (RBW); *Bostan v. Bush*, 05-CV-883 (D.D.C. Jan. 9, 2006) (JR); *Khiali-Gul v. Bush*, No. 05-CV-877 (D.D.C. Jan. 6, 2006) (JR).

It also is significant that counsel access in detainee cases in which the Protective Order was entered prior to enactment of the DTA has continued unchanged post-DTA. *See Adem v. Bush*, No. 05-0723 (Mem. Op. of Magistrate Judge Kay, p.21) (D.D.C. Mar. 14, 2006) (attached as Ex. C). Moreover, Magistrate Judge Kay recently expressly rejected deferring consideration of entry of the Protective Order pending resolution of jurisdictional and retroactivity issues regarding the DTA by the D.C. Circuit and the Supreme Court. *Id.* The post-DTA entry of the Protective Order by courts in this district and the unchanged counsel access in cases in which the Protective Order was entered before enactment of the DTA make clear that the DTA is irrelevant to the right of Petitioners to have access to counsel.[3]

As Magistrate Judge Kay further noted in *Adem*, even if the DTA were held to preclude district court jurisdiction, counsel access would remain essential for review of Combatant Status Review Tribunal proceedings in the District Court of Appeals. *Id.* Thus, regardless of how higher courts ultimately determine the impact of the DTA on this Court's jurisdiction, counsel access is essential for effective representation whether that access is in the context of a habeas petition or review of a CSRT decision.

---

[3] Undersigned counsel notes that in their representation of a second Guantanamo detainee, Judge Robertson entered the Protective Order post-DTA, and counsel will travel to Guantanamo this month to meet this client. As a result of counsel's current access to a client at Guantanamo, entry of the Protective Order and the grant of counsel access to Mr. Al-Baidany at this time would impose no additional administrative or other burden on Respondents.

## II. Recently Obtained Information and Supplemental Authority Render Respondents' "Next Friend" Challenge Moot

Respondents also have opposed entry of the Protective Order by arguing that the petition lacks proper next friend standing. This argument is moot in light of recently obtained information and supplemental authority.

### A. Recently Obtained Authorization of Representation From Mr. Al-Baidany's Uncle Moots Respondents' Next Friend Standing Argument

Notwithstanding Respondents' refusal to permit undersigned counsel access to or any information regarding Mr. Al-Baidany, through diligent, independent efforts undersigned counsel recently has obtained a signed authorization of representation from Ahmed Mohammed Hassin Al Rammah, Mr. Al-Baidany's uncle (Ex. B). Counsel is in the process of amending Mr. Al-Baidany's petition to reflect this recently obtained information and will continue to make all possible efforts to locate additional information. Thus, there are no barriers to permitting counsel access to Mr. Al-Baidany under the terms of the Protective Order.

### B. Recent Supplemental Authority Establishes That Respondents' Next Friend Challenge Does Not Preclude Counsel Access to Mr. Al-Baidany

The recently obtained authorization from Mr. Al-Baidany's uncle renders Respondents' next friend challenge moot. However, in the event that Respondents continue to challenge this authorization, recent opinions by Magistrate Judge Kay and Judge Roberts in *Adem v. Bush*[4] squarely reject a next friend challenge as a basis for denying entry of the Protective Order.

While the precise facts in *Adem* differ from those presented in this case, these two recent decisions are directly applicable to entry of the Protective Order in this proceeding. In addition to holding that enactment of the DTA is irrelevant to a detainee's access to counsel under the

---

[4] *See* Mem. Op. of Magistrate Judge Kay (Mar. 21, 2006) (attached as Ex. C); Mem. Op. and Order of Judge Roberts (Apr. 28, 2006) (affirming Magistrate Judge Kay's Mem. Op.) (attached as Ex. D).

US_WEST:260032252. 2

4

Protective Order, both Magistrate Judge Kay and Judge Roberts recognized that the Protective Order permitted counsel two visits with a petitioner to secure direct authorization <u>before any challenge to the next friend's standing would ripen</u>.

Magistrate Judge Kay noted that once counsel was permitted to meet with a petitioner pursuant to the Protective Order and confirm his request for counsel, the issue of next friend standing is mooted. Magistrate Kay's opinion is summarized in the following excerpt:

> Adem, who has been detained incommunicado without charge by the United States, who does not speak English, who has no access to family or friends, has indicated to a fellow detainee who is represented by counsel that he wishes to challenge his potentially indefinite detention without charge. *Rasul* and *Al Odah* give him the right to have counsel. The Protective Order provides the mechanisms by which detainees may access the counsel to which they are entitled. Petitioner Adem's counsel have fully complied with the procedures necessary to meet with Adem. Nothing more is necessary.

*Id.* at p. 20. Were the Protective Order entered in this case, Magistrate Judge Kay's opinion would apply precisely to Mr. Al-Baidany (with the exception that counsel has not yet been given the means or opportunity to determine if Mr. Al-Baidany speaks English).

In affirming Magistrate Judge Kay's opinion, Judge Roberts upheld the presumption that an attorney appearing on behalf of a party has the authority to do so, and held that Respondents failed to overcome this presumption by presenting "substantial proof" that petitioner did not intend or desire counsel to file a *habeas* petition on his behalf. *See* Ex. B, p.10. Accordingly, Judge Roberts rejected Respondents' argument that counsel access be denied based on a challenge to the next friend standing.

More recently, Judge Friedman cited *Adem* in entering the Protective Order despite the unresolved question of jurisdiction and Respondents' next friend challenge in *Al Salami v. Bush*,

05-CV-2452 (D.D.C.) (PLF).[5] One of the jurisdictional questions raised by Respondents in that case was the authorization of a petition based on two "next friend" detainees. Respondents argued that the Court could not exercise jurisdiction over the petition and that the petition should be dismissed for lack of standing. Citing *Adem*, Judge Friedman rejected Respondents' argument and entered the Protective Order independent of a decision on the jurisdictional issues.

In this case, whether or not Respondents may at some later point challenge standing, they have not presented "substantial proof" to rebut the presumption that undersigned counsel is authorized to appear on behalf of Mr. Al-Baidany. Moreover, while recently obtained information leaves no doubt that proper standing exists, once counsel is permitted to meet with Mr. Al-Baidany and to confirm his authorization to be represented in this proceeding, any remaining issues regarding standing will be moot.

Respondents' arguments for opposing entry of the Protective Order in this proceeding now have been rejected by legal authority from this district. Petitioners respectfully request that this Court take note of these recent legal opinions and recently obtained information regarding counsel's authorization to represent Mr. Al-Baidany and enter the Protective Order in this case so that counsel is no longer relegated to the Sisyphean quagmire of the present circumstances.

---

[5] *See Al-Salami*, Mem. in Opp. to Petitioners' Motion for Entry of a Protective Order (Mar. 27, 2006) (attached as Ex. E); Order Entering Protective Order (Apr. 13, 2006) (attached as Ex. F).

US_WEST:260032252. 2

Dated: June 19, 2006                Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Panayiota G. Souras (pursuant to LCvR 83.2(g))
Washington Harbour
3050 K Street, N.W., Suite 200
Washington, D.C. 20007
(202) 339-8400
(202) 339-8500 (fax)

Counsel for Petitioners