IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKARIA AL-BAIDANY, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| *v.* ) | Civil Action No. 05-2380 (CKK) |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| *Respondents.* ) | |

## PETITIONER'S CROSS-NOTICE

Petitioner hereby provides cross-notice in response to the Respondents' filing dated July 7, 2006, on the issue whether this Court may exercise jurisdiction over this case in light of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (the "DTA"). The Supreme Court in Hamdan v. Rumsfeld, 548 U.S. ___, 2006 WL 1764793, at **11-16 (June 29, 2006), explicitly rejected Respondents' contention that the DTA has the effect of repealing this Court's jurisdiction over Petitioner's habeas claim. In Hamdan, as in this case, the petition was pending prior to the enactment of the DTA on December 30, 2005. The Supreme Court squarely held "that section 1005(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the [Act's] enactment. Id. at *16 n.15. Section 1005(e)(1) therefore has no relevance to this case.

Nor does section 1005(e)(2) of the Act have any bearing on the claims at issue in this case. The Supreme Court recognized that "subsections (e)(2) and (e)(3) grant [exclusive] jurisdiction" to the D.C. Circuit Court of Appeals "only over actions 'to determine the validity of any final decision' of a CSRT [Combatant Status Review Tribunal] or commission.'" Hamdan, 2006 WL 1764793, at *5. Here, however, Petitioner does not challenge his CSRT

determination.  To the contrary, he has alleged that the CSRT is itself unlawful and therefore

denies its legitimacy.  Petitioner, who is alleged to be an enemy combatant, has asserted

numerous causes of action contending that the Executive's conduct and policies exceed the

bounds of Article II of the Constitution, and seeks, in addition to declaratory and injunctive

relief, habeas corpus -- the remedy that permits him to demand either release to freedom or legal

justification for imprisonment.  See, e.g., Al-Baidany Pet. paragraphs 65-68.  For

example, the Petition in this matter alleges, among other things, that Mr. Al-Baidany is not

properly detained subject to President Bush's authority as Commander-in-Chief, under the laws

and usages of war, or Joint Resolution 23, Authorization for Use of Military Force, Pub. L.

No. 107-40, 115 Stat. 224 (Sept. 18, 2001), as that detention violates Article I, Section 8, Clause

11 of the Constitution of the United States (i.e., the War Powers Clause), Article II of the

Constitution of the United States, the Fifth Amendment to the Constitution of the United States,

the Administrative Procedures Act, treaties of the United States, including but not limited to the

Third and Fourth Geneva Conventions, the Uniform Code of Military Justice and/or customary

international law, id. paragraphs 61-63.

    That section 1005(e)(2) of the Act applies only in those limited cases – not applicable

here – in which a detainee challenges only the validity of his CSRT decision, is

demonstrated further by the broad language of Section 1005(e)(1), which provides that "no court,

justice or judge shall have jurisdiction to hear or consider ... an application for a writ of

habeas corpus."  A reading that section 1005(e)(2) applies to Petitioner would render section

1005(e)(1) superfluous, in violation of well-established principles of statutory construction.

See, e.g., Asiana Airlines v. F.A.A., 134 F.3d 393, 398 (D.C. Cir. 1998) ("A cardinal principle of

interpretation requires us to construe a statute so that no provision is rendered inoperative or

superfluous, void or insignificant"). Therefore, Respondents' reliance on footnote 14 in Hamdan that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3)," has no bearing here. Cf. Hamdan, 2006 WL 1764793, at *58 (Scalia, J., dissenting) ("[t]he vast majority of pending petitions, no doubt, do not relate to military commissions at all, but to more commonly challenged aspects of 'detention' such as the terms and conditions of confinement").

Further, section 1005(e)(3) of the Act has no applicability to this case since there has been no decision by a military commission concerning Petitioner.

Finally, as if there was any doubt on this issue, the only Court to address the question whether Hamdan held that this Court may exercise jurisdiction over the Petition, answered in the affirmative. In Hamoud v. Bush, No. 05-1894, 2006 WL 1876947, at *1 n.1 (D.D.C. July 5, 2006), Judge Roberts stated that "[o]ne of the disputed matters on appeal before the District of Columbia Circuit has been resolved by ... Hamdan ... where the Court made clear that this court retains jurisdiction over this habeas corpus petition." (citations omitted). Mr. Al-Baidany and the petitioner in Hamoud are similarly situated in this respect, and thus Judge Roberts' holding should be followed here.

For the foregoing reasons, the stay issued by this Court predicated on any uncertainty whether this Court may exercise jurisdiction over the Petition in light of the DTA, should be lifted immediately.

Dated:  July 21, 2006

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Panayiota G. Souras (pursuant to LCvR 83.2(g))
Washington Harbour
3050 K Street, N.W., Suite 200
Washington, D.C. 20007
(202) 339-8400
(202) 339-8500 (fax)

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petitioner's Cross-Notice was served on this 21st day of July, 2006, by this Court's Electronic Case Filing ("ECF") system upon the following:

Preeya M. Noronha, Esquire
Terry M. Henry, Esquire
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C.  20530
preeya.noronha@usdoj.com

*Counsel for Respondents*

Panayiota G. Souras