IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZAKARIA AL-BAIDANY, *et al.*

Petitioner,

v.                                                    Civil Action No. 05-2380 (CKK)

GEORGE W. BUSH, *et al.*,

Respondents.

**PETITIONER'S OPPOSITION TO THE GOVERNMENT'S MOTION TO REVIEW
MATERIALS SEIZED FROM PETITIONER WITHOUT COURT APPROVAL AND
CROSS-MOTION TO HOLD THE GOVERNMENT IN CONTEMPT
FOR FILING A FRIVOLOUS MOTION**

The government's motion should be denied, and the government should be sanctioned

for filing a frivolous motion. The Court has not yet entered the Protective Order in this

proceeding[1], therefore counsel has not been permitted to communicate in any way or meet with

Petitioner Zakaria Al-Baidany ("Mr. Al-Baidany"). Counsel has not been permitted to write to

Mr. Al-Baidany or to forward any materials to him and has not yet been authorized to schedule

a trip to Guantanamo to meet with him. Contrary to the government's sweeping assertions,

counsel for Mr. Awad has not yet been authorized to use, much less abuse, the legal mail

system and has given *no* materials to Mr. Al-Baidany at any time.

Given Mr. Al-Baidany's complete isolation from his legal counsel to date, he would

possess no documents of the type at issue in the government's motion. Accordingly, the

government's motion to implement a "Filter Team" to review Mr. Al-Baidany's seized

---

[1]    Counsel moved for entry of the Protective Order on January 6, 2006 and filed a renewed motion for entry
of the Protective Order based on supplemental authority and newly discovered facts on June 19, 2006. The Court
has not yet ruled on these motions.

materials, especially in light of the government's assertions that *legal* communications have been misused by certain prisoners, should be denied. The government clearly knows that Mr. Al-Baidany has not yet been permitted access to his counsel and therefore is not a relevant party to this motion. The government's naming of Mr. Al-Baidany to this omnibus motion is frivolous, and the Court should sanction the government for its action and award Petitioner's counsel the costs incurred in opposing this motion.

Even if the Court holds that the government's motion somehow raises an issue relevant to Mr. Al-Baidany, the motion should be dismissed for failing to make an individualized showing that the government's actions are justified as to Mr. Al-Baidany. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law."[2] "Its purpose is to encourage full and frank communication between attorneys and their client and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client."[3] As this Court has recognized in the context of the Guantanamo litigation, "[t]he privilege that attaches to communications between counsel and client has long held an exceptional place in the legal system of the United States."[4] The protection of this privilege is most vital in the context of those detained prior to trial, as Mr. Al-Baidany has been, without

---

[2]   *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981).

[3]   *Swidler & Berlin v. United States,* 524 U.S. 399, 403 (1998); *see also Lanza v. State of New York,* 370 U.S. 139, 143-44 (1962) ("[I]t may be assumed that even in a jail, or perhaps especially there, the relationships which the law has endowed with particularized confidentiality must continue to receive unceasing protection.").

[4]   *Al Odah,* 346 F. Supp. 2d 1, 10 (D.D.C. 2004).

2

US_EAST:160045513.1

charges, for several years. "An inmate's need for confidentiality in his communications with attorneys through whom he is attempting to redress his grievances is particularly important."[5]

This Court has held in the Guantanamo litigation that the government cannot "unilaterally impose procedures that abrogate the attorney-client relationship and its concomitant attorney-client privilege covering communications between them."[6] The government makes no effort to assert that its actions did not violate the attorney-client privilege. Instead the government flaunts its knowledge that the seized legal materials "will likely include some number of attorney-client communications potentially subject to attorney-client privilege."[7] The government's seizure of any such materials without any reference to or mention of Mr. Awad violates well-established case law requiring the government to make a specific, individualized showing that a sufficiently compelling justification exists for invading the attorney-client privilege.[8]

The government's motion makes no allegations and presents no evidence whatsoever regarding Mr. Al-Baidany. In fact, Mr. Al-Baidany is not mentioned or alluded to in the government's motion. The government once again would have the Court believe that the

---

[5]    *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974); *see also Johnson-El v. Schoemehl*, 878 F.2d 1043, 1051 (8th Cir. 1989) ("Pretrial detainees have a substantial due process interest in effective communication with their counsel and in access to legal materials. *When this interest is inadequately respected during pre-trial confinement, the ultimate fairness of the eventual trial can be compromised.*") (emphasis added).

[6]    *Al Odah*, 346 F. Supp.2d at 5.

[7]    Respondents' Motion at 9.

[8]    *In re Sealed Case*, 107 F.3d 46, 49 (D.C. Cir. 1997); *see also Doe v. United States*, No. 03-6145, 2003 WL 22879314 (2d Cir. Dec. 4, 2003) (reversing contempt order where government failed to meet burden of showing that crime-fraud exception applied); *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) (requiring showing or probable cause to believe that crime or fraud was attempted or committed and that attorney-client communications were used to further that crime or fraud); *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986) (reversing civil contempt order because government failed to satisfy burden of showing that crime-fraud exception applied to documents corporation failed to produce); *United States v. Stewart*, No. CR 396 JGK, 2002 WL 1300059 (S.D.N.Y. June 11, 2002) (seizure of materials likely to include privileged materials must be supported by probable cause or warrant and conducted under appropriate screening methods).

prisoners at Guantanamo are nothing more than an anonymous collection of sworn enemies of the United States, complicit in coordinated acts against our country. Counsel respectfully suggests that the time has long passed for the Court to permit such gross generalizations and sweeping characterizations to satisfy the government's obligation to present individualized evidence regarding Mr. Al-Baidany. Mr. Al-Baidany stands before this Court as an individual prepared to defend himself against whatever charges the government may one day decide to assert against him. Mr. Al-Baidany must be treated as an individual in all matters relating to this case, including the government's present motion.

## CONCLUSION

For the preceding reasons, the government's motion should be denied, Mr. Al-Baidany's legal papers should be returned immediately without being examined, and the government should be sanctioned by the Court for its knowledge and/or participation in its clients' illegal and unethical acts.

Dated:  July 21, 2006

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Panayiota G. Souras (pursuant to LCvR 83.2(g))
Washington Harbour
3050 K Street, N.W., Suite 200
Washington, D.C. 20007
(202) 339-8400
(202) 339-8500 (fax)

Counsel for Petitioner

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on this 21st day of July, 2006, by this Court's Electronic Case Filing ("ECF") system upon the following:

Preeya M. Noronha, Esquire
Terry M. Henry, Esquire
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C.  20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Counsel for Respondents*

_____
Panayiota G. Souras

5