IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZAKARIA AL-BAIDANY, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 05-2380 (CKK) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT BE COMPELLED TO PRODUCE THE FACTUAL RETURN

Petitioner Zakaria Al-Baidany ("Al-Baidany"), also known as Mohammed Omar Al Baidani and Omar Mohammed Ali Al Rammah, moves this Court for an order to show cause why Respondents should not be compelled to produce the unredacted so-called "factual return," which resulted from hearings regarding Petitioner before the Combatant Status Review Tribunal ("CSRT")[1] within 10 business days, or on a date certain within a reasonable time after entry of the Court's order.[2] The need for relief is essential in light of the that fact that counsel has taken all necessary steps, and is able to visit their client in Guantanamo. These necessary steps included applying for and receiving security clearances, and entering of the Protective Orders pursuant to the Court's October 4, 2006 Order. The immediate production of the factual return is

---

[1]     Respondents have acknowledged that the Department of Defense completed so-called "military tribunal" hearings at which each detainee's "enemy combatant" status and their detention generally were reviewed. *See* "U.S. Says 3 at Guantanamo Not Enemy Combatants," *Reuters*, Feb. 3, 2005 ("The status hearings before panels of three military officers were finished at Guantanamo before [Judge] Green ruled" on January 31, 2005, Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as saying, and that "It's a matter of processing the paperwork now because the tribunals have all occurred.").

[2]     In accordance with the local rules, counsel for Petitioner asked Respondents for consent to the relief requested herein, but consent was denied.

a necessary precondition to Mr. Al-Baidany receiving effective counsel representation and having meaningful communications with counsel, as repeatedly confirmed by recent orders in this District. Mr. Al-Baidany requests the same relief granted to similarly situated persons detained in Guantanamo.

Although petitioner filed a habeas petition challenging his detention in Guantanamo in December 2005, counsel has not been able to meet with Mr. Al-Baidany during the last 10 months because the Protective Orders were not entered in this case. The Court's order of October 4, 2006 entering the Protective Orders now clears the way for counsel to visit with Mr. Al-Baidany and counsel is preparing to visit him as soon as it is practicable. However, in order for that meeting to be meaningful and productive, it is essential that counsel be provided with the alleged basis for the government's continued detention of Mr. Al-Baidany, which is presumably contained within the factual return.

The government has no basis upon which to refuse to produce a factual return, or delay doing so. Any minor logistical burden that the government may confront in having to produce a factual return is far outweighed by the severe prejudice to Mr. Al-Baidany if he is unable to have meaningful and substantive meetings with his habeas counsel. Courts in this district have routinely ordered the government, over objection, to produce a factual return on the grounds that it is necessary in order for counsel to have a meaningful visit with their clients. For example, in *Abdul Hamid Abdul Salam Al-Ghizzawi v. Bush*, Judge Bates, rejecting the government's jurisdictional challenge based on the Detainee Treatment Act and quoting his own prior opinion on the same issue in *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 200 (D.D.C. 2005), held "[b]ecause 'the factual return[] appear[s] necessary for ... counsel effectively to represent petitioner[]' and 'even initial conversations [between counsel and client] may be very difficult without access to

that basic factual information,' the Court will require respondents to produce the factual return to

petitioner's counsel – consistent with any applicable conditions imposed by this Court's

protective orders – within sixty days." *Abdul Hamid Abdul Salam Al-Ghizzawi v. Bush*, Civil

Action No. 05-2378, at page 3 (JDB) (D.D.C. August 9, 2006)(Dkt. No. 23).

   Courts, recognizing that severe prejudice in delaying the production of the factual return,

have applied this analysis with increasing frequency. *See Abdulla Mohammed Kahn v. Bush*,

Civil Action No. 05-1001 (ESH) (D.D.C. Aug. 10, 2006)(Dkt. No. 20) ("Without access to the

information contained within a factual return, petitioner's counsel cannot offer anything

approaching effective representation in these proceedings."); *Abdul Raheem Ghulam Rabbini v.*

*Bush*, Civil Action No. 05-1607 (RMU) (D.D.C. June 16, 2006)(Dkt. No. 19) ("the court

determines that petitioners' counsel should be able to review the returns now so that they can

develop their case and prepare for any consultation with their clients."); *see also Zaid v. Bush*,

No. 05-CV-1646 (JDB) (D.D.C. Oct. 25, 2005) (Dkt. No. 12); *Al-Hela v. Bush*, No. 05-CV-1048

(RMU) (D.D.C. June 9, 2005) (Dkt. No. 16); *Tumani v. Bush*, No. 05-CV-0526 (RMU) (D.D.C.

Apr. 19, 2005) (Dkt. No. 6); *Qayed v. Bush,* No. 05-CV-0454 (RMU) (D.D.C. Apr. 19, 2005)

(Dkt. No. 5).[3]

   The arguments that the government made in opposition to producing the factual return in

this case have been rendered obsolete due to recent events. On January 6, 2006, Petitioner,

---

[3] Numerous other courts within this District have ordered production of factual returns without explicitly discussing the reasoning for doing so. *See Almerfedi v. Bush*, No. 05-CV-1645 (PLF) (D.D.C. Mar. 6, 2006) (Dkt. No. 15); *Said v. Bush*, No. 05-CV-2384 (RWR) (D.D.C. May 23, 2006) (Dkt. No. 24); *Zadran v. Bush*, No. 05-CV-2367 (RWR) (D.D.C. July 19, 2006) (Dkt. No. 36); *Alsaaei v. Bush*, No. 05-CV-2369 (RWR) (D.D.C. Aug. 14, 2006) (Dkt. No. 22); *Al Amin v. Bush*, No. 05-CV-2336 (PLF) (D.D.C. Sept. 18, 2006) (Dkt. No. 28). *Al-Asadi v. Bush*, 05-cv-02197 (HHK) (D.D.C. Oct. 10, 2006) (Dkt. No. 40); *Thabid v. Bush*, 05-cv-2398 (ESH) (D.D.C. August 18, 2006) (minute order); *Abdulli Feghoul v. Bush*, No. 06-CV-00618, at page 3 (RWR) (D.D.C. Oct. 31, 2006) (Dkt. No. 24); *Ali Ahmed v. Bush*, No. 05-CV-1678 (GK) (D.D.C. Dec. 7, 2005) (Dkt. No. 19); *Al-Mithali v. Bush*, No. 05-CV-2186 (ESH) (D.D.C. Dec. 20, 2005) (Dkt. No. 22); *Akhtiar v. Bush*, No. 05-CV-1635 (PLF) (D.D.C. Sept. 26, 2005) (Dkt. No. 10); *Zalita v. Bush*, No. 05-CV-1220 (RMU) (D.D.C. July 29, 2005) (minute order); *Al Oshan v. Bush*, No. 05-CV-0520 (RMU) (D.D.C. Mar. 22, 2005) (Dkt. No. 8); *Al-Ananzi v. Bush*, No. 05-CV-0345 (JDB) (Apr. 21, 2005) (Dkt. No. 21); *Ameziane v. Bush*, No. 05-CV-0833 (ESH) (Apr. 12, 2005) (Dkt. No. 12).

through his attorneys, filed a Motion for Entry of Protective Orders and for Immediate Award of
Writ of Habeas Corpus or Issuance of an Order to Show Cause. (Dkt. No. 7)  In that motion,
Petitioner requested that the Court compel the government to come forward with a return
certifying the alleged basis for his continued detention.  In opposition, the government argued
that Mr. Al-Baidany's petition should be dismissed for two reasons, both jurisdictional.  (Dkt.
No. 8)  First, the government argued that pursuant to the Detainee Treatment Act, this Court
lacked jurisdiction to hear or consider Petitioner's habeas petition.  Second, the government
argued that the petition should be dismissed for lack of proper next friend standing.

Both of these arguments have been rendered moot.  First, the Supreme Court (in *Hamdan
v. Rumsfeld*, 548 U.S. __, 2006 WL 1764793 (U.S. June 29, 2006)) explicitly rejected
Respondents' contention that the DTA has the effect of repealing this Court's jurisdiction over
habeas claims.  In *Hamdan*, as in this case, the petition was pending prior to the enactment of the
Act on December 30, 2005.  The Supreme Court squarely held "that section 1005(e)(1) does not
strip federal courts' jurisdiction over cases pending on the date of the [Act's] enactment. *Id.* at
*16 n.15.  Thus, the DTA is no bar to the Court ordering Respondents to issue a factual return.

Second, the government's next-friend challenge is mooted  by Petitioner's amended
petition on July 18, 2006, replacing the original detainee next friend, Abdel Aziz Al-Swidi, with
Mr. Al-Baidany's uncle, Ahmed Mohammed Hassin Al Rammah.  Petitioner's counsel spoke
with Mr. Ahmed Mohammed Hassin Al Rammah on the phone, and Mr. Al-Rammah provided
written authorization to counsel to file a petition on his behalf as next-friend for his nephew, Mr.
Al-Baidany.

December 10, 2006 will mark the one year anniversary of the filing of Mr. Al-Baidany's
habeas petition, yet the government has not provided Mr. Al-Baidany's counsel with a single

document or statement setting forth the basis for his continued detention.  Such delay in producing a factual return is unconscionable in the context of a habeas petition.  As the Supreme Court has held, "the office of the writ is 'to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints.'" *Harris v. Nelson*, 394 U.S. 286, 291 (1969).

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant his motion for immediate production of the factual return.

Dated:  November 29, 2006

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Diana Rutowski (pursuant to LCvR 83.2(g))
1000 Marsh Road
Menlo Park, CA 94107
(650) 614-7400
(650) 614-7401 (fax)

Glenn K. Jones (pursuant to LCvR 83.2(g))
Rene Kathawala (pursuant to LCvR 83.2(g))
666 Fifth Avenue
New York, N.Y. 10103
(212) 506-5087
(212) 506-5151 (fax)

Counsel for Petitioners

## CERTIFICATE OF SERVICE

I, Diana Rutowski, certify that on this 30 day of November, 2006, I served the foregoing on the counsel listed below by this Court's Electronic Case Filing ("ECF") system.

Preeya M. Noronha, Esquire
Terry M. Henry, Esquire
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C.  20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Counsel for Respondents*

_____
Diana Rutowski