IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZAKARIA AL-BAIDANY, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2380 (CKK) |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION [FOR] ORDER TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT BE COMPELLED TO PRODUCE THE FACTUAL RETURN

Respondents hereby oppose the Motion [for] Order to Show Cause Why Respondents Should Not Be Compelled to Produce the Factual Return (dkt. no. 34) filed by petitioner Zakaria Al-Baidany and his next friend, Ahmed Mohammed Hassin Al Rammah, which seeks an order requiring respondents to immediately produce a factual return including the records of petitioner Al-Baidany's Combatant Status Review Tribunal (CSRT) proceedings. As explained below, petitioners' motion and memorandum in support disregard the fact that this Court lacks jurisdiction. Furthermore, the Court has stayed this case pending resolution of jurisdictional questions by the Court of Appeals, and its has already ordered the respondents to prepare to produce a factual return, but only after the Court of Appeals rules on the jurisdictional issues. See Order, No. 05-CV-2380 (CKK) (Oct. 4, 2006) (dkt. no. 26). There are no circumstances that justify lifting the stay or requiring respondents to produce a factual return in advance of a ruling by the Court of Appeals. Petitioners' motion, therefore, is inappropriate and should be denied.

## ARGUMENT

**A.    The Court Should Deny Petitioners' Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

Petitioners' motion should be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 05-CV-2380 (CKK) (dkt. no. 29), and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens. See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military

commissions.[1]  See DTA § 1005(e)(2)–(3), as amended by MCA.  Section 1005(e)(2) of the DTA

states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final

decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy

combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the

same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status

Review Tribunal that an alien is properly detained as an enemy combatant," see DTA

§ 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like

this, challenging petitioner Al-Baidany's detention as an enemy combatant.  See, e.g., Thunder

Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal

Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994,

999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial

remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C.

Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging

review of agency action in the Court of Appeals, Congress manifested an intent that the appellate

court exercise sole jurisdiction over the class of claims covered by the statutory grant of review

---

[1]The Supreme Court in Hamdan held that the provision of the DTA withdrawing district
court jurisdiction to consider habeas petitions and other claims by aliens held as enemy
combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending
prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-
69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of
the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as
this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA
§ 7.

power."). In any event, with the enactment of the MCA, District Court jurisdiction has been unambiguously withdrawn.

Granting the relief petitioner requests would be an assertion of jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Accordingly, petitioners' motion for immediate production of factual returns should be denied.[2]

**B.    The Court Should Deny Petitioners' Motion Because There Has Been No Change in Circumstances That Warrants Lifting the Stay for Such Purposes.**

Petitioners' motion also should be denied because petitioners have failed to provide a sufficient factual or legal basis to justify departure from the stay in this case for purposes of the requested relief. See Order, No. 05-CV-2380 (CKK) (Oct. 4, 2006) (dkt. no. 26). The Court stayed this case "pending a resolution of the relevant issues by the Court of Appeals" in Al Odah

---

[2]The issue of the effect of the MCA, which eliminates district court jurisdiction "without exception," see MCA § 7(b), and the DTA, which vests exclusive review in the Court of Appeals, on this Court's jurisdiction over Guantanamo detainee habeas cases, including the instant case, remains pending before the Court of Appeals. Indeed, the MCA was the subject of supplemental briefing in the Court of Appeals that was completed on November 20, 2006. It would not be appropriate for the Court to order petitioners' requested relief during the pendency of the jurisdictional issue.

v. United States, No. 05-5064, and Boumediene v. Bush, No. 05-5062.[3] Id. The Court also

ordered respondents to "file factual returns with respect to Petitioners within 30 calendar days of

a ruling on the relevant cases from the Court of Appeals." Id. Since the appeals have not been

resolved, the stay is still in effect, especially with respect to all merits-related matters. Further,

petitioners' counsel makes no showing of any circumstances that would in any way warrant

lifting the stay or requiring respondents to produce factual returns immediately rather than after a

Court of Appeals ruling confirming jurisdiction.

In the pending appeals, the Court of Appeals will address significant issues regarding how

Guantanamo detainees' challenges to their detention should proceed in this Court, if at all. As

mentioned supra note 2, the Court of Appeals will consider the significance of the Detainee

Treatment Act of 2005 and the Military Commissions Act of 2006. Further, the Court of

Appeals will determine the rights available, if any, to detainees at Guantanamo under the Fifth

Amendment and various statutes and treaties. In light of the potential for the Court of Appeals

ruling to moot or at least significantly impact the legal bases for and future proceedings on

petitioners' habeas petition, this Court should deny petitioners' motion pending resolution of

these appeals.

An order prematurely requiring production of factual returns would work significant

prejudice on respondents. The production and submission of factual returns involves the

disclosure to counsel of classified information, and the preparation of the returns is not an

inconsequential task. Furthermore, with respect to the logistical burdens involved in producing

---

[3]In the district court, these cases were respectively titled In re Guantanamo Detainee
Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C.
2005).

factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, petitioners' motion for an order requiring immediate production of factual returns should be denied.

## CONCLUSION

For the foregoing reasons, the Motion [for] Order to Show Cause Why Respondents Should Not Be Compelled to Produce the Factual Return filed by petitioners Al-Baidany and Al Rammah should be denied.

Dated: December 12, 2006            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents