IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKARIA AL-BAIDANY, *et al.*, | ) )  ) |
| *Petitioners*, | ) ) |
| *v.* | ) )  Civil Action No. 05-2380 (CKK) |
| GEORGE W. BUSH, *et al.*, | ) ) ) |
| *Respondents.* | ) ) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR
ORDER TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT
BE COMPELLED TO PRODUCE THE FACTUAL RETURN**

**I.    INTRODUCTION**

Notwithstanding the fact that courts in this District have repeatedly ordered production of factual returns, explicitly rejecting Respondents' jurisdictional arguments as a basis for denying the requested relief, the jurisdictional argument is at the forefront of the Government's opposition. In addition to the Government's specious argument regarding the Court's lack of subject matter jurisdiction, it presents two other arguments: (i) an argument about the lack of changed circumstances that completely ignores the changed circumstances cited in Petitioner's brief; and (ii) an argument about the logistical difficulties of producing a factual return, which are both minimal and must be overcome regardless of how the jurisdictional issue is decided.

While the Government is fighting production of documents that it already has in its possession and must eventually produce, Petitioner Zakaria Al-Baidany ("Al-Baidany") remains detained in a cell, without even knowing the basis of his incarceration. Accordingly, Mr. Al-

Baidany moves this Court for an order requiring Respondents to produce a factual return. Mr. Al-Baidany urgently needs this relief as his counsel is preparing to meet with him at the U.S. Naval Base in Guantanamo Bay, Cuba in late February or early March of 2007. In order for that initial meeting to be meaningful, it is essential that counsel be given an opportunity to review the alleged factual basis for Mr. Al-Baidany's detention. Without the opportunity to review this information, counsel will not be able to converse with Mr. Al-Baidany about the charges made against him. Rather, counsel and client will be forced to spend their time speculating about the basis for Mr. Al-Baidany's five-year detention. Given the importance that effective assistance of counsel plays in our legal system, it should be incumbent upon the Government to provide a strong justification for withholding this basic information. The Government has failed to do so.

### A. The Court Does Not Lack Subject Matter Jurisdiction.

First, the Government argues that on the basis of the Detainee Treatment Act ("DTA") and the Military Commissions Act ("MCA") this Court lacks subject matter jurisdiction and therefore is unable to order production of the factual return. This argument is incorrect and has been rejected by courts in this District. The DTA and MCA notwithstanding, Mr. Al-Baidany's habeas corpus petition is still before this Court. Indeed, as recently as October 4, 2006, the Court exercised its jurisdiction when it entered the protective orders, a stay of proceedings (Docket # 26) and ordered the Government to provide it with 30 days advance notice prior to any release, repatriation, or rendition of Petitioner. (Docket # 27.) Indeed, in the latter Order, the Court explicitly stated that while the scope of the DTA was under consideration by the Court of Appeals for the District of Columbia, "respondents' jurisdiction argument was premature." The Court's orders of October 4th both implicitly and explicitly indicate that the Court continues to exercise jurisdiction over this matter.

The Government's assertion that the Court lacks jurisdiction is further belied by its own argument that the present motion should be denied on the basis of the October 4, 2006 stay order, which presupposes jurisdiction. According to the Government's brief, the Court should deny the Mr. Al-Baidany's motion because the Court entered an order staying the case. (Respondents Opposition to Petitioners' Motion for Order to Show Cause Why Respondents Should Not Be Compelled To Produce The Factual Return ("Opp. Brf.") pgs. 4-5.) The Government, however, can not reasonably argue on the one hand that the Court has no jurisdiction, while on the other hand argue that Mr. Al-Baidany's motion should be denied on the basis of an order entered two and a half months ago. In sum, the Court *does* have jurisdiction and it is well within the Court's jurisdiction to lift the stay and order the Government to produce a factual return – as many Courts in this District have already done.

Moreover, Mr. Al-Baidany is entitled to a factual return regardless of how the jurisdictional issues are ultimately decided. In *Abdul Hamid Abdul Salam Al-Ghizzawi v. Bush*, a court in this District ordered a factual return, recognizing that the petitioner will be entitled to a return whether or not the DTA and MCA ultimately deprive the district court of jurisdiction. *Abdul Hamid Abdul Salam Al-Ghizzawi v. Bush*, Civil Action No. 05-2378, pg. 3 (JDB) (D.D.C. August 9, 2006) (Dkt. No.l 23) ("[b]ecause the Court has concluded that the outcome sought by petitioner through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question, and because this motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge"). As Respondents themselves argue, the DTA and MCA invest exclusive jurisdiction over the validity of Mr. Al-Baidany's detention and the Combatant Status Review Tribunal's ("CSRT") findings in the D.C. Circuit Court of Appeals.

(Opp. Brf., pg. 2.)  By the present motion, Mr. Al-Baidany is not challenging the validity of his detention or the CSRT.  Rather, Mr. Al-Baidany is requesting the production of the factual return, to which he is entitled regardless of how the jurisdictional issue is decided.

### B. Respondents Fail to Acknowledge the Changed Circumstances Cited by Petitioner.

Next, the Government contends that there has been "no change in circumstances that warrants lifting the stay."  (Opp. Brf., pg. 4-5.)  However, as set forth in Mr. Al-Baidany's opening brief, the circumstances of Mr. Al-Baidany's case *have* changed in two fundamental ways.  First, over the last several months, there have been several orders entered in other Guantanamo Bay detainee habeas cases requiring the Government to produce factual returns on the same grounds asserted in this motion, *i.e.*, production of a return is necessary if the GTMO detainees are to have meaningful visits with their lawyers.  *See, e.g., Abdulla Mohammed Kahn v. Bush*, Civil Action No. 05-1001 (ESH) (D.D.C. Aug. 10, 2006)(Dkt. No. 20) ("Without access to the information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in these proceedings").  The recent orders in this District compelling production of factual returns, while not binding on this Court, are instructive and indicate a recognition on the part of many judges that the Government's arguments about lack of jurisdiction and undue burden do not support the denial of detainees' ability to discuss their cases with their attorneys.  The same result is sought by this motion.

The circumstances also changed when the Court entered the protective orders in this case on October 4th, clearing the way for counsel to go to Guantanamo Bay to meet with Mr. Al-Baidany.  Now that counsel has been enabled to go visit Mr. Al-Baidany, it is essential that the factual return be produced.

C.     **The Burden on the Government Is *De Minimus* and Inevitable**

Predictably, the Government finally argues that to require production of the factual return "would work significant prejudice on respondents." Opp. Brf., pg. 5. In particular, the Government cites logistical burdens, such as the time involved in assembling "dozens to hundreds of pages," as a basis for opposing production of the return. *Id.* As discussed above, even if, as the Government argues, the D.C. Circuit has exclusive jurisdiction over the validity of Mr. Al-Baidany's detention, Mr. Al-Baidany and his counsel still have the right to review a factual return. The prejudice suffered by the Government if it is forced to produce a factual return is not only inevitable but also *de minimis*, at best, when compared with the severe prejudice suffered by Mr. Al-Baidany if he is unable to have a meaningful visit with his attorneys. Moreover, the Government has already produced numerous factual returns in individual cases and in response to the Freedom of Information Act request filed by the Associated Press. The Government also notes that production of the factual return requires disclosure of classified information. This is a red herring. Mr. Al-Baidany's counsel has received security clearance from the Government and the protective orders, which govern the handling of classified information in the GTMO habeas cases, have been entered in this case.

## II. CONCLUSION

In short, the Government has failed to meet its burden of demonstrating some compelling basis for withholding such an essential document from the Petitioner. Petitioner therefore respectfully requests that the Court enter an order requiring the Government to produce the factual return.

Dated: December 19, 2006

        Respectfully submitted,

        ORRICK, HERRINGTON & SUTCLIFFE LLP

           /s/ Diana Rutowski
        Glenn K. Jones (pursuant to LCvR 83.2(g))
        Diana Rutowski (pursuant to LCvR 83.2(g))
        Rene Kathawala (pursuant to LCvR 83.2(g))
        666 Fifth Avenue
        New York, N.Y. 10103
        (212) 506-5087
        (212) 506-5151 (fax)

        Counsel for Petitioners

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of December, 2006, I served the foregoing on the counsel listed below by this Court's Electronic Case Filing ("ECF") system.

> Preeya M. Noronha, Esquire
> Terry M. Henry, Esquire
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W., Room 7144
> Washington, D.C. 20530
> Tel: (202) 514-4107
> Fax: (202) 616-8470
>
> *Counsel for Respondents*

    /s/Diana Rutowski
Diana Rutowski