

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR MOHAMMED ALI RAMMAH, )<br>)<br>Petitioner )<br>v. )<br>)<br>JOSEPH R. BIDEN, in his official capacity )<br>as President of the United States, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-2380 (CKK)<br><br>Ex Parte, In Camera, ~~SEALED~~ CKK Unsealed 4/19/2023<br><br>Filed with the Classified<br>Information Security Officer<br>CISO Cameron Mrouse<br>Date 4/3/2023 |

## MEMORANDUM OPINION AND ORDER
(April **3**, 2023)

This habeas matter is before the Court upon Respondent's Ex Parte Motion for Exception from Disclosure ("Motion" or "Mot."). Pursuant to Section I.F of the amended scheduling ordering governing this case, *see In re Guantanamo Bay Litig.*, Misc. A. No. 08-442 (TFH), 2008 WL 4858241, at *1 (D.D.C. Nov. 6, 2008), Respondents seek an order permitting them to produce certain less classified summaries and redacted copies of discoverable material in lieu of the originals. The original documents, approximately ▓▓▓ in total, comprise raw, contemporaneous intelligence product ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For the reasons that follow, the Court agrees that each document is too sensitive to share with Petitioner's counsel in raw form, and

███████

that substitutes are necessary to balance national security interests with Petitioner's due-process interest in securing all relevant material in Respondents' possession or control.

Classified discovery in habeas proceedings is governed by the factors set out in *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009). Whether to compel the disclosure of classified information turns on whether the information is necessary to the court's ability "'to conduct a meaningful review of both the cause for detention and the Executive's power to detain.'" *Id.* at 545 (quoting *Boumediene v. Bush*, 553 U.S. 723, 783 (2008)). A district court must make three findings before ordering the disclosure of classified information to (as here) cleared counsel. First, the information must be "both relevant and material[] in the sense that it is at least helpful to the petitioner's habeas case." *Id.* at 544 (emphasis omitted). "Relevant and material" information includes both inculpatory and exculpatory material. *Id.* at 546. Second, for disclosure to be appropriate, "access by petitioner's counsel" must be "necessary to facilitate the court's meaningful review of the habeas petition." *Id.* Third and finally, the court must determine that alternatives to disclosure would not be effectively substitute for unredacted access. *Id.* at 547. Therefore, the Court reviews proposed less classified or unclassified substitutes for whether they provide equal means for the court's independent review of the detention's lawfulness.

Pursuant to *Al Odah*, the court has reviewed *in camera* each of the approximately ███ documents in total, equating to hundreds of pages of material. The Court also reviewed the Declaration of ████████████████████████████████████████████ ████████████████████████████████████████████████████████ The Court credits the two declarations in their entirety. Finally, the Court reviewed the parties pending dispositive briefing to determine the salient factual disputes.

████████ Respondents request leave to redact nine categories of sensitive information present in some or all of the documents: "(1) intelligence sources, methods, and activities; (2) clandestine human-source intelligence; (3) ████████ (4) ████████ (5) ████████ (6) ████████ (7) ████████ (8) ████ ████████ (9) information irrelevant or immaterial to Petitioner's habeas case." Mot. at 9. ████████ ████████ ████████ ████████ Mot. at 58-59.

As a threshold matter, the Court stresses the particularly high level of classification the Government has attached to this filing. It is not only classified to ████████ ████████ but also involves detailed, sensitive discussion ████████ ████████ ████████ ████████

A. ████ Documents

████████████████████████████████████

███████

████████████████████████

████████████████ Where intelligence is sourced from ████████████, Respondents invite the Court to determine *ex parte* whether the intelligence is more or less reliable. The Court lacks the expertise to do so and, as an initial matter, finds it unlikely that a particular ████████ was (or is) so more reliable than another that the source would materially impact the weight of the evidence. Nevertheless, to the extent relevant, the Court invites the parties to explore this issue in forthcoming dispositive briefing.



On this issue, it appears only Tabs 38, 39, and 40 are implicated. ██████

██████



Notwithstanding the exculpatory value for Petitioner, the Court concludes that disclosure would unduly risk national security and would not materially assist the Court in its role as factfinder. In part, the Court bases this conclusion on: (1) the fact that the Court can consider this information itself during, if necessary, a merits hearing; (2) Respondents do not appear to rely in substantial part on Tabs 38-40 in arguing that Petitioner's detention is lawful; and (3) as to Tab 39 specifically, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Order, *Gul v. Biden*, Civ. A. No. 16-1462 (APM) (Oct. 18, 2021) (permitting redactions on similar grounds); *cf. also Mousovi*, 916 F. Supp. 2d at 75 (concluding that a habeas petitioner has no right to even classified summaries where source information is classified at Top Secret level).

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ None of this information makes his detention any more or less lawful. This information does not bear on the veracity of reports identifying him as an al-Qaida facilitator or the actions and conspiracies Respondents

[REDACTED] charge him with carrying out in support of al-Qaida and associated forces. [REDACTED] means used to acquire certain information on the documents that the Court reviewed do not go to the merits of his case or the veracity of Respondents' allegations either. Their release, even to cleared counsel, could undermine their efficacy in the future. Therefore, the Court approves Respondents' proposed redactions in their entirety.

[REDACTED] Respondents propose providing Petitioner summaries [REDACTED] As the Supreme Court has explained in a similar context, divulging classified material [REDACTED] undermines [REDACTED] efficacy. [REDACTED] Were foreign adversaries to learn [REDACTED] these tools, they might take actions to degrade the [REDACTED] ability to gather relevant information. Moreover, the details [REDACTED] do not make Petitioner's detention any more or less lawful or undermine or bolster a source's veracity. Each proposed summary, however, effectively communicates the underlying material information. As such, the Court approves Respondents' proposed summaries in their entirety.

\* \* \*

For the foregoing reasons, Respondent's Ex Parte Motion for Exception from Disclosure is **GRANTED** and the proposed reactions and substitutions appended to the Motion are approved.

No later than **fourteen days** after the date of this order, Respondents shall complete two levels of classification review. First, they shall complete one version redacting this

██████████

memorandum opinion and order to the extent necessary to permit its release to the general public. Second, they shall complete a second version redacting this memorandum opinion and order to the extent necessary to permit its release to cleared counsel in accordance with the Court's legal analysis herein.

**SO ORDERED.**

Dated: April 3, 2023

*Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge