██ SECRET// ██████ NOFORN

Filed with Classified
Information Security Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CISO ___/s/___
Date __11/8/24__

| | |
|---|---|
| ZAKARIA AL-BAIDANY,<br><br>           Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*<br><br>           Respondents. | Civil Action No. 05-2380 (CKK)<br><br>*Ex Parte, In Camera*<br><br>~~UNDER SEAL~~ Unsealed CKK 12/6/24<br><br>Judge CKolla-Kotelly |

**CLASSIFIED MEMORANDUM OPINION**
(November __, 2024)

Now pending before the Court is the Respondents' *Ex Parte* Motion for Exception from Disclosure ("Mot." or "Motion"). Pursuant to Section I.F of the amended Case Management Order in this case, the Respondents request an order permitting them not to disclose an arguably exculpatory fact contained in a document that the Respondents produced to Petitioner's counsel in redacted form in February 2023. Mot. at 5. The Court concludes that the requirements for exception for disclosure are satisfied here and shall grant the Motion.

The redacted version of the document at issue in the pending Motion is identified for purposes of this case as ████████████████████████████. The redacted version conveys most of the salient facts contained in the unredacted original document:

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

The unredacted original document, which the Respondents have attached to their Motion, discloses one additional fact that is arguably exculpatory in the context of this case: ████

1

██ SECRET/██████████ NOFORN

██████████████████████████████████████████ The fact that ██████ is arguably exculpatory because it may reflect negatively on ██████████ information on which the Respondents rely in this case. *See, e.g.*, Resp'ts' Pretrial Merits Brief at ██; Resp'ts' Ex. ██. However, the Respondents request permission not to disclose the fact that ████████████████████████████████████ because they argue that doing so risks revealing ██████████████.

As the Court explained in a prior Classified Memorandum Opinion and Order dated April 3, 2023, requests under Section I.F for exception from disclosure in habeas proceedings like this one are governed by the factors set out in *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009). Respondents must disclose classified information to Petitioners' cleared counsel if doing so is necessary to allow the Court "to conduct a meaningful review of both the cause for detention and the Executive's power to detain." *Id.* at 545 (quoting *Boumediene v. Bush*, 553 U.S. 723, 783 (2008)). The Court must make three findings before ordering the disclosure of classified information to cleared counsel. First, the information must be "both relevant and material[] in the sense that it is at least helpful to the petitioner's habeas case." *Id.* at 544 (emphasis omitted). "Relevant and material" information includes both inculpatory and exculpatory material. *Id.* at 546. Second, for disclosure to be appropriate, "access by petitioner's counsel" must be "necessary to facilitate the court's meaningful review of the habeas petition." *Id.* Third and finally, the court must determine that alternatives to disclosure would not effectively substitute for unredacted access. *Id.* at 547.

The Court has reviewed, *in camera*, an unredacted version of the document at issue in this Motion. The Court has also reviewed, in connection with the Respondents' previous Section I.F

2

SECRET// NOFORN

motion, the Declarations of ███████████████████████████████████████. The Court credits the two declarations in their entirety. Finally, the Court reviewed the parties' submissions and exhibits for the upcoming Merits Hearing to place the information at issue in the pending Motion in the context of the broader record in this case.

Having considered the relevant factors as set forth in *Al Odah*, the Court concludes that disclosure of the information at issue in the Motion to Petitioner's cleared counsel is not necessary to allow the Court "to conduct a meaningful review of both the cause for detention and the Executive's power to detain." *Al Odah*, 559 F.3d at 454 (quoting *Boumediene*, 553 U.S. at 783). Although the fact that ████████████ is "relevant and material" because it may be probative of ████████████, disclosing that fact to Petitioner's cleared counsel is not necessary for a "meaningful review" of the lawfulness of Petitioner's detention in this case for two reasons. *See id.*

*First*, and most importantly, the Court has access to the unredacted version of the document at issue and will consider all evidence introduced in this case, including evidence ████████ ████████, in the context of the information ████████ that is contained in the unredacted document.

*Second*, to the extent that Respondents rely on information ████████████████ to establish either the factual "cause for detention" or the source or extent of "the Executive's power to detain," that information appears to be corroborated by other information in the record. *See id.* Therefore, ████████████ is not such a central issue in this case that the Court cannot conduct a "meaningful review" without providing Petitioner's counsel with access to the information at issue in the Motion. *See id.*

███ SECRET/██████████████ NOFORN

Because disclosure of the arguably exculpatory information at issue in the Respondents' Motion is not necessary to afford "meaningful review" in this case and disclosure even to petitioner's cleared counsel could compromise important national security interests by revealing ███████████████, the Court shall not order disclosure of that information.

The Court agrees with the Respondents that the remaining substantive redactions in the document serve the legitimate purpose of protecting sensitive information, including sources and methods information, and that these redactions do not conceal any information that is material to this case. None of these redactions in the version of the document provided to petitioner's cleared counsel will prejudice the "meaningful review" of the Petition. *See Al Odah*, 559 F.3d at 454 (quoting *Boumediene*, 553 U.S. at 783).

For the foregoing reasons, the Court shall **GRANT** the Respondents' Motion for Exception from Disclosure. The redactions taken from the document identified for purposes of this case as ██████████████████████████████ are **APPROVED**. The Respondents' request to withhold from Petitioner's counsel the fact that ██████████████████████████ is **GRANTED**. An appropriate Order accompanies this Classified Memorandum Opinion.

**Dated:** November X, 2024

COLLEEN KOLLAR-KOTELLY
United States District Judge